# CHARLES S. HOCHBAUM
## ATTORNEY-AT-LAW

16 Court Street                                        30 Jericho Executive Plaza
Suite 1800                                                              Suite 100
Brooklyn, NY 11241                                         Jericho, N.Y. 11753
(718) 855-4800                                                   (516) 227-2111
fax (718) 855-4877                                            fax (516) 739-2445
e-mail crimdefend@aol.com

Hon Shira Scheindlin
United States District Court
Southern District of NY
500 Pearl Street
New York, NY 10007

via: Fax and Ecf

USA v Sillah
07-cr-1063

Your Honor,

Please accept this letter in lieu of a more formal pre-sentence memorandum. Exhibits will be faxed and made part of this letter.

Counsel and Defendant have reviewed both the pre-sentence report and the sentencing recommendation provided by the Department of Probation.

There are no objections to the pre-sentence investigation calculation of the advisory guidelines however we do not agree with the sentencing recommendation set forth by the department of probation.

The defendant is a 26 year old woman with no criminal history of any sort and a long work history.

Attached hereto are copies of the Defendant's recent evaluations at her present employment. These evaluations set forth the Defendant's consistent positive performance at her job.

In fashioning the appropriate sentence for the defendant the court should consider the following:

Under 18 U.S.C. § 3553(a) the court shall impose a sentence sufficient, but no greater than necessary to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; AND
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for:

> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines...;

(5) any pertinent policy statement:

> (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States code, subject to any amendments made to such policy statements by act of Congress. . . .

(6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

A first step in post-*Booker* sentencing is to determine the applicable Guideline range after making such findings of fact as are necessary, as required by 18 U.S.C. §3553(a)(4). *United States v. Crosby*, 397 F.3d 103, 112 (2d Cir. 2005). Thes applicable Guideline range is determined in the same manner as before *Booker*. Once this Guideline range is determined, the court has the duty to "consider" it along with the other factors listed in § 3553(a).

Guidelines are advisory and entitled to the same weight and not more than that accorded to each other factor that the Court is instructed to consider by § 3553(a). The statute that the

Court is required to apply, does not distinguish between the weight to be given to any of the factors listed.  If in fact greater weight is given to the Guidelines, the court will  be committing the act that ***Booker*** forbids. As the Supreme Court noted in ***Gall v United States***, the Sentencing Judge has the greatest familiarity with the individual case and the individual defendant before him and therefore is in a superior position to find facts and judge their import in each particular case. Any sentence that deviates substantially from the Guideline range ***does not*** have to be justified by extraordinary circumstances.

The Guidelines permit a court to grant a departure based on certain offender-specific characteristics only in "exceptional cases," U.S.S.G. § 5H1.1.  For example, age, educational and vocational skills, mental and emotional conditions, physical condition, employment record, and family ties and responsibilities are not normally relevant.  U.S.S.G. § 5H1.1-6.  Yet these are the sort of characteristics a court is likely to find relevant when determining "the history and characteristics of the defendant" as required by § 3553(a)(1).  Giving "heavy" weight to the Guidelines is in conflict, with § 3553(a)'s command to consider a multitude of factors. While it is harder work than automatically applying the Guidelines across-the-board, such individualized sentencing better suits the holdings of ***Booker***     Again as the Supreme Court recently stated in ***GALL v US***, "The Sentencing Judge,...is in a superior position to find facts and judge their import under §3553 (a) in each particular case".

Under 18 U.S.C. § 3553(a), the key requirement is that the sentence in each case must be "sufficient, but not greater than necessary".

18 U.S.C. § 3662 provides that "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court... may receive and consider for the purpose of imposing an appropriate sentence."  Further,

18 U.S.C. § 3553(a)(2)(D) requires a sentencing court to evaluate the need to provide the defendant with education, training, treatment or medical care in the most effective manner. This directive might conflict with the guidelines, which in most cases offer only prison. In some cases, a defendant's education, treatment or medical needs may be better served by a sentence which permits the offender to remain in the community.

Not only must courts consider the factors of § 3553(a), the courts are no longer bound by the departure methodology of the guidelines. Rather, a sentence outside the calculated guideline range may be justified by factors that would not have previously justified a departure from the guideline range as set forth above.

Under § 3553(a)(1) a sentencing court must consider the "history and characteristics of the defendant." But under the guidelines, courts are generally forbidden to consider the defendant's age, his mental and emotional condition, his physical condition including drug and alcohol dependence, his employment record, his family ties and responsibilities, his socio-economic status, his civic and military contributions and his lack of guidance as a youth (see § 5H1.2, 5H1.3, 5H1.4, 5H1.5, 5H1.6, 5H1.10 and 5H1.11)  The guidelines' prohibition of considering these factors cannot be squared with the § 3553(a)(1) requirement that the court evaluate the "history and characteristics" of the defendant.  Thus, in cases in which a defendant's history and character are positive, consideration of all of the § 3553(a) factors might call for a sentence completely different then what the guidelines suggest since they may in fact include factors and considerations that the Guidelines previously prohibited.

To treat the guidelines as presumptively correct is to concede the converse, i.e., that any sentence imposed outside the Guideline range would be presumptively unreasonable in the absence of clearly identified factors. Such an analysis would in fact make the guidelines, in

effect, still mandatory.  This would eliminate the type of careful analysis of the evidence that should be considered when depriving a person of his or her liberty. The recent Supreme Court decisions in ***Kimbrough*** , ***Gall*** and ***Rita*** stand for the proposition  that the District Court is free to make its own reasonable application of the §3553(a) factors and to reject (after due consideration) the advice of the Guidelines.

      The first important thing to note is that Ms. Sillah is eligible per the statutes for a sentence of probation.

      In determining a sentence that is sufficient but not  greater than necessary to comply with the dictates of 18 USC § 3553(a) the defendant asks the Court to consider the minimal  role the Defendant played in the offense, her substantial work history and the real effect that a felony conviction will have on her future employment and life.  One cannot minimize the effects of a felony conviction will have on Ms. Sillah. Although presently employed (her employer is aware of this arrest) any change or attempted change in employment will in many instances be precluded by her felony conviction. This limitation on her future employment and success will in fact act as continual punishment for the actions of Ms. Sillah in the instant case.  We are requesting that the Court not add to this additional punishment by insisting on a  sentence of imprisonment which would mean the loss of employment and potentially the loss of her apartment due to a lack of income to maintain her present circumstances. (See the statement of the probation department in its sentencing recommendation wherein it states "her poor judgment will result in her leaving her job and her home").

      If we can state that the ultimate goal of the sentencing statute is to both punish and ensure that the defendant will either become or continue as a functioning law abiding working member of society than it is unclear how the imposition of a term of incarceration will help effectuate this

result. Certainly the imposition of a felony conviction and a sentence of probation will fulfill the needs for the sentence imposed as outlined in 18 USC § 3553(a) (2) in that will adequately reflect the seriousness of the crime and provide just punishment, will offer deterrent effects to both this defendant and others , will because of both the defendant's understanding of the seriousness of her conduct and the rigorous supervision f the probation department continue to both protect the public from further crimes by this defendant and allow her to continue to be a contributing, employed, tax paying member of society.

  We therefore request that the Court sentence the defendant to probation.

                   Respectfully submitted,


                   CHARLES S. HOCHBAUM